**ALD-180**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1373
_____

CHRIS JONES,

                                        Appellant

v.

BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS; JUEL COLE, The
Warden of the Burlington County Detention Center; THE COMMISSIONER OF THE
DEPARTMENT OF CORRECTIONS FOR THE STATE OF NEW JERSEY; DR.
EVANS the Medical Doctor of B.C.D.C. all defendants are sued in their individual and
professional capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-5065)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal for Lack of Jurisdiction,
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, or
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
May 5, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed:  May 19, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Chris Jones appeals the District Court's order granting summary

judgment to all defendants and the Court's subsequent order denying his motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's order granting summary judgment, State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009), and review its order denying the motion for reconsideration for abuse of discretion, Le v. Univ. of Pa., 321 F.3d 403, 406 (3d Cir. 2003). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Jones filed a complaint raising several claims under 42 U.S.C. § 1983 concerning the conditions of the Burlington County Detention Center ("the Detention Center"), where he was previously held as a pretrial detainee while awaiting trial. Jones's primary claim concerns an incident in which he was attacked, apparently with no advance warning or provocation, by Uriah Hill, a state inmate. Jones alleges that the defendants (who will be treated collectively in this opinion) violated his due process rights by failing to protect him from Hill. The defendants further violated his rights, he contends, by

---

[1] Although Jones's notice of appeal was filed more than 30 days after entry of the District Court's order granting summary judgment to the defendants, his appeal is nevertheless timely because the Court's order explains in full its reasons for denying Jones's motion, and is thus not a separate judgment under Rule 58(a) of the Federal Rules of Civil Procedure. Accordingly, the judgment is deemed "entered" for purposes of Federal Rule of Appellate Procedure 4(a) on the date when "150 days have run from entry of the judgment or order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). Jones's notice of appeal was filed within 30 days after that 150-day period, and we can therefore entertain the appeal. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007); see also Clymore v. United States, 415 F.3d 1113, 1116-17 & 1117 n.5 (10th Cir. 2005).

providing inadequate medical care following the attack.

The defendants answered the complaint, took Jones's deposition, and filed a motion for summary judgment. Jones did not respond to this motion, and the District Court, after performing an independent evaluation, granted judgment to the defendants. Jones then asked the District Court to "reopen" the case; according to Jones, he had been in lock-up and unable to file a responsive brief. The District Court granted Jones's motion and ordered him to file a brief within 30 days. Jones then filed a one-page document that reiterated the allegations from his complaint without elaboration. The Court treated this filing as a motion for reconsideration and denied it. Jones then appealed to this Court.

We agree with the District Court's analysis. Because Jones was a pretrial detainee when he was held at the Detention Center, his challenges to the conditions of his confinement must be prosecuted under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). Under the Due Process Clause, "the proper inquiry is whether [the challenged] conditions amount to punishment of the detainee." Id. at 535.

Jones first claims that the defendants violated his due process rights by failing to protect him from Hill's attack. See generally Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). For such a claim, Jones must show that the defendants acted with "deliberate indifference" to his health and safety. Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991); see also Caiozzo v. Koreman, 581 F.3d 63, 71-72 (2d Cir. 2009).

3

However, Jones has made no such showing. In his deposition, Jones acknowledged that he had never informed the defendants that he feared that he would be attacked by Hill, and he has presented no evidence that the defendants were independently aware that Hill posed a threat to him or was generally prone to violence. To the contrary, the undisputed evidence establishes that this was essentially a random attack. Jones has therefore failed to show that the defendants acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) (holding that a prison official will be liable under the deliberate-indifference standard "only if he knows that inmates face a substantial risk of serious harm and disregards that risk").

Jones also contends that it was improper for the defendants to house him, as a pretrial detainee, in the same facility as Hill, who had already been convicted of a crime. We conclude that in light of Jones's particular characteristics (as established by the undisputed evidence), this placement did not violate the Due Process Clause. The defendants presented evidence that Jones had been housed in the maximum-security Detention Center because he was perceived to be a special security risk. See generally Bell, 441 U.S. at 546 n.28 (holding that, in institution that held both types of individuals, "[t]here is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates"). Jones had previously been convicted numerous times (seven times as a juvenile and eight times as an adult), often for violent offenses, and was held in the Detention Center pending trial on a charge of aggravated assault on a law-enforcement officer. In these circumstances, it was permissible for the defendants to house Jones in

the Detention Center. See Jones v. Diamond, 636 F.2d 1364, 1374 (5th Cir. 1981) (concluding that while the "confinement of pretrial detainees indiscriminately with convicted persons" could be unlawful, "if a particular pretrial detainee has a long record of prior convictions or is likely to be violent, imposition of greater security measures is warranted").

Jones also posits that the assault was caused in part by the fact that the Detention Center was overcrowded. However, even setting aside Jones's failure to show that the prison truly was overcrowded under the relevant constitutional standards, he has presented no evidence to link the alleged overcrowding to his injuries. At most, he has claimed that the overcrowding created a generally unpleasant atmosphere; in a similar case, we held that "any possible connection between the conditions at the annex and the assault is far too attenuated to permit a recovery." Best v. Essex Cnty., N.J. Hall of Records, 986 F.2d 54, 57 (3d Cir. 1993). The same conclusion applies here.

We further agree with the District Court's disposition of Jones's claim that the defendants ignored his medical needs. While we have not yet determined the precise standard that applies to such claims when brought by pretrial detainees, see Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 n.5 (3d Cir. 2003), we need not resolve the issue here because Jones has failed to show that his care was inadequate under any relevant standard. The evidence reveals that Jones received treatment immediately following the assault, and then six additional times over the next three months. Moreover, during this period, Jones twice skipped scheduled appointments. Jones has

not identified any deficiency in this treatment; instead, he has presented only the conclusory statement that the defendants did not "provide adequate medical attention." This bald allegation is insufficient to withstand a motion for summary judgment.  See Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

Finally, to the extent that Jones claims that the District Court erred in denying his motion for reconsideration, we reject his argument.  In Jones's bare-bones motion for reconsideration, he merely restated his previous, conclusory allegations.  The District Court was therefore correct to deny the motion.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).[2]

Accordingly, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's orders granting summary judgment to the defendants and denying Jones's motion for reconsideration.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2]  We observe that it was likely inappropriate for the District Court to extend the time for Jones to file his motion for reconsideration.  See Fed. R. Civ. P. 6(b)(2). However, given that we conclude that the District Court was correct to deny the motion on the merits, we need not reach this issue.